## Norfolk

CYNTHIA ANN ROYAL

v.

COMMONWEALTH OF VIRGINIA

No. 0030-89-1

Decided July 9, 1991

COUNSEL

Oldric J. LaBell, Jr., for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BAKER, J.—Cynthia Ann Royal (appellant) appeals from a judgment of the Circuit Court of the City of Newport News (trial court) which approved a jury verdict convicting her of first degree murder. She presents several issues on this appeal, the first of which is whether the trial court erred in excluding evidence which she asserts should have been admitted as a part of the *res gestae*.

On May 1, 1984, appellant was a guest in the apartment of Carol DeLoatch (Carol). Present at the time were Carol and her two children, Edward and Arnita; James Artis; Otto Drew (victim); and appellant's daughter, Latrice.[1] Appellant and victim had engaged in some physical play which caused Carol to ask them to stop. Both had consumed a quantity of wine along with Carol, who subsequently returned to her bedroom.

The apartment consisted of a living room and kitchen in the front, and three bedrooms and a bath in the rear. Artis and Edward had gone to a back bedroom to assemble a bunk bed. While appellant was in the bathroom, only victim, Arnita and Latrice remained in the living room.

At trial, Artis was not available. However, Carol testified to events before she retired and to what she saw after victim was stabbed. Appellant does not deny that she inflicted the stab wound which caused victim's death, but she asserts the blow was administered in self defense. Besides appellant and Carol, of those present in the apartment when the death blow was struck, only Arnita and Edward were able to describe the events as they recalled them. Latrice was called on behalf of the defense but stated that she could not recall what occurred on the day victim died.

Essential to the first issue raised by appellant is the testimony of Edward. While in his bedroom "fixing" his bed, he heard Arnita and Latrice "hollering." He ran to the living room where he saw victim "laying in the chair bleeding" and appellant with a knife in her hand. Counsel for appellant attempted to have Edward testify to what he had heard Latrice scream at the time he first heard her yell out. The prosecutor objected on the ground that the testimony would be hearsay, and defense counsel argued

---

[1] Arnita and Latrice were ages ten and six, respectively; Edward was thirteen; all the others were adults.

it would be admissible as a part of the *res gestae*. The trial court permitted the evidence "as a fact of utterance and not [for] the truth." The court thereafter admonished the jury:

> You are not to accept it as to the proof, whatever the child said, you're not to accept it as the truth of what the child said, only that she made the statement.

Defense counsel continued his objection, asserting that the statement was a part of the *res gestae* and, as such, should be considered by the jury as substantive evidence. Edward was permitted to testify that Latrice was excited, crying, yelling and said as she "ran back": "He's [victim] got a knife."

Appellant testified that she was in the bathroom and heard Arnita and Latrice screaming, followed by Latrice running toward the bathroom "jumping, hollering and screaming." Again, the trial court permitted appellant to testify to what Latrice said but only for the fact of utterance, not as substantive evidence. Appellant stated that Latrice said: "He got a knife at me. He's going to kill me, he going to kill me." Appellant then stated she left the bathroom and, as she entered the living room, victim came at her with a knife. That, she said, was the cause of her grabbing a nearby knife and stabbing victim. The record does not disclose the amount of time which expired between the moment Carol and Edward heard the screams from the living room; however, it is reasonable to assume from the evidence that all these events occurred within a very short period.

In his brief, counsel for appellant cited *Taylor v. Commonwealth*, 122 Va. 886, 94 S.E. 795 (1918), as authority that the trial court erred in refusing to admit the statement as substantive evidence. Relevant to the case before us are more recent authorities, which more correctly identify the principle applicable to the proffered evidence.

For a long while, Virginia cases referred to matters involving the principle of *res gestae* in a manner suggestive of an umbrella covering several exceptions to the hearsay rule. More recently, Virginia appellate courts have classified the principle applicable here as *excited utterances. See Clark v. Commonwealth*, 235 Va. 287, 292, 367 S.E.2d 483, 485 (1988); *Harris v. Commonwealth*, 8 Va. App. 424, 430, 382 S.E.2d 292, 295

(1989).

> The term "excited utterance" is preferable because it denotes an exception which is, in theory at least, clearly identifiable and readily distinguishable from the other "res gestae" exceptions.

C. Friend, *The Law of Evidence in Virginia* § 237 (3d ed. 1988).

> Evidence of an excited utterance is admissible to prove the truth of the matter asserted, as an exception to the hearsay rule, provided the extrajudicial statement is "spontaneous and impulsive." The reliability of the statement, ordinarily guaranteed by oath and cross-examination, is furnished by its spontaneity. . . . The test is whether the statement is the transaction speaking through the declarant or the declarant speaking about the transaction.
>
> There is no fixed rule by which the question whether the statement is admissible as an excited utterance can be decided. Resolution of the issue depends on the circumstances of each case and "rests within the sound discretion and judgment of the trial court." That discretion and judgment, of course, is subject to review. Nonetheless, in a doubtful case there "is a presumption in favor of the action" of the trial court.

*Clark*, 235 Va. at 292, 367 S.E.2d at 485-86 (citations omitted).

Here, there can be no doubt that if Latrice's statement was made, it was spontaneous and impulsive. While the rule is clear that whether the statement is admissible is in the first instance a matter for the exercise of the sound discretion of the trial court, here the court permitted Edward to testify that Latrice excitedly said, "He's got a knife." The court's error was to limit the effect of the statement merely to the fact it was said, but not for the truth thereof. The defense to the charge is that victim had a knife and was using it in a menacing manner toward appellant. We hold that Latrice's statement is admissible as an excited utterance and may be considered by the trier of the fact as proof of the matter

asserted.[2]

■ The Attorney General argues that even if the trial court erred in its classification of the statements, the error was harmless. We disagree. Appellant testified that victim was "coming at her with a knife." If the statement uttered by Latrice is considered as substantive evidence, it corroborates appellant's assertion that victim had a knife. All error is presumed to be prejudicial unless it plainly appears that it could not have affected the result. *Sargent v. Commonwealth*, 5 Va. App. 143, 155, 360 S.E.2d 895, 902 (1987) (citing *Joyner v. Commonwealth*, 192 Va. 471, 477, 65 S.E.2d 555, 558 (1951)). Here, we cannot say as a matter of law that it was harmless.

As previously noted, appellant presented several issues on appeal. Because we reverse the judgment of the trial court and remand this case for such further action as the Commonwealth may be advised, we need not address those other issues.

For the reasons stated, the judgment of the trial court is reversed and this case is remanded.

*Reversed and remanded.*

Benton, J., and Moon, J., concurred.

---

[2] Nothing contained in this opinion permits appellant to testify to that portion of the utterance where Latrice allegedly says, "He's going to kill me." This statement would be inadmissible as an expression of opinion. *See Chappell v. White*, 182 Va. 625, 29 S.E.2d 858 (1944).