Richmond
JAMES DAVIS WALKER
v.
COMMONWEALTH OF VIRGINIA
No. 1348-93-2
Decided February 28, 1995

COUNSEL

Kevin M. McGowan, for appellant.

Richard B. Smith, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—James Davis Walker (appellant) appeals from his bench trial conviction by the Circuit Court of the County of Chesterfield (trial court) for aggravated sexual battery in violation of Code § 18.2-67.3. He contends that the trial court erroneously permitted the six-year-old victim's aunt to testify to statements made to her by the victim the day after the alleged assault occurred. In addition, he asserts that the trial court erred at the sentencing hearing when it permitted the Commonwealth's attorney to refer to hearsay statements concerning charges made against appellant that had been dismissed. Finding no error, we affirm.

On August 28, 1992, the victim was six years old. At the age of one and one-half years, the victim was placed with her aunt, Miriam Cardona (aunt), who is also her legal guardian. The victim had seen her natural mother, Yvonne Cardona (Yvonne), only four times during her life. Appellant was Yvonne's "live-in boyfriend."

During the week preceding August 28, 1992, the aunt was required to attend to her mother who had undergone an operation. For that reason, the victim spent the week with Yvonne. The victim testified that on August 28, 1992, after Yvonne and the victim had retired to separate bedrooms and Yvonne was asleep, appellant came into the victim's room and ordered the victim to come to him. The victim then described the following events:

He laid me on the floor; and he pulled down my pants; and he pulled down his pants; and he put his penis in my—my vagina.

\* \* \* \* \* \* \*

[Appellant] said I'm older; he can do anything he wants to me.

\* \* \* \* \* \* \*

I went to the bathroom; and I was going to use the bathroom; and I saw snot on my underwear. And then I tried to take some of it off; but I couldn't because it sticked.

On cross-examination, the victim explained that appellant's penis "didn't go all the way in." The victim also stated that this was the first time she had ever been assaulted, she was scared, and it hurt. The victim further testified that Yvonne had washed the victim's clothes prior to returning the victim to her aunt's house.

The aunt testified that Yvonne brought the victim home at about 9:00 a.m. the next morning. The victim appeared very nervous, was crying, and immediately told the aunt that she had something serious to tell her after Yvonne left. Yvonne left ten minutes later.

The trial court permitted the aunt to testify to the following statement made to her by the victim immediately upon Yvonne's departure:

She told me that James Walker got fresh with her; and I asked how; and she said, well, he put me on the floor; and he took off my clothes and put his private part in between by legs.[1]

Appellant's objection to the aunt's testimony was overruled. The trial court admitted that testimony, saying: "I'll overrule it based on the timing. Her age and the fact that it happened at night; and it appears to be the first opportunity that she has to make an explanation as to what happened."

---

[1] That statement was not responsive to a suggestive question by the aunt.

The aunt further testified that she had the victim change her clothes, took her to the doctor, and then to the hospital. The victim's underwear was sent to the state lab for analysis along with appellant's hair, blood, and saliva samples. No hair or seminal fluid was detected on the victim or her clothes. Tests on the victim's underpants indicated "the presence of blood in two tiny stains on the seat area."

Yvonne testified that the victim did not act at all unusual when she returned to the aunt's house following the alleged incident. Appellant, who had been convicted of four felonies, testified and denied that he sexually assaulted the victim. Appellant was found guilty as charged.

At the sentencing hearing, it was shown that appellant had been convicted of trespassing in 1973, attempted armed robbery in 1975, driving under a revoked or suspended license in 1979, reckless driving and disregarding an officer's signal to stop in 1980, driving under a revoked or suspended license in 1982, driving under a revoked or suspended license in 1983, misdemeanor sexual battery in 1986, welfare fraud in 1991, and driving after having been adjudged an habitual offender in 1991. Several "sexual" charges against appellant related to the 1986 conviction had been dismissed.

The sentencing judge also reviewed a court-ordered forensic psychological evaluation,[2] which determined that appellant "appears to meet the criteria for Pedophilia." The report further concluded that appellant "interprets normal child-like activity as sexual cues he then feels justified responding to." Appellant objected to the Commonwealth's questioning of Yvonne concerning his 1986 activities with his step-daughter. The objection was overruled and the trial judge noted that the rules of evidence do not apply at sentencing hearings.

▮ The general rule in Virginia is that an excited utterance, prompted by a startling event, made at such time and under such circumstances as to preclude the presumption that it was made as a result of deliberation, is admissible as an exception to the hearsay rule. *Clark v. Commonwealth*, 235 Va. 287, 292, 367 S.E.2d

---

[2] Appellant does not raise any issue relating to the admission of the presentence report or this evaluation.

483, 486 (1988). The reliability of such a statement ordinarily is judged by its spontaneity. *Id.*

> There is no fixed rule by which the question whether the statement is admissible as an excited utterance can be decided. Resolution of the issue depends on the circumstances of each case and "rests within the sound discretion and judgment of the trial court." That discretion and judgment, of course, is subject to review. Nonetheless, in a doubtful case there "is a presumption in favor of the action" of the trial court."

*Royal v. Commonwealth*, 12 Va. App. 928, 931, 407 S.E.2d 346, 348 (1991) (quoting *Clark v. Commonwealth*, 235 Va. 287, 292, 367 S.E.2d 483, 485-86 (1988); *see also Woodard v. Commonwealth*, 19 Va. App. 24, 448 S.E.2d 328 (1994).

Appellant argues that because the event occurred at night, several hours prior to the victim's statement to her aunt, the statement was not made within a time frame that constitutes "spontaneity." We disagree.

■ Time alone will not determine whether the statement was the product of premeditation, reflection, or design. Although the lapse of time between the startling event and the declaration is evidence relevant to a determination whether the statement was sufficiently spontaneous to constitute an excited utterance, it is not conclusive in deciding the admissibility of the statement. *See Clark*, 235 Va. at 292, 367 S.E.2d at 485-86.

Many justifications for prohibiting the use of hearsay evidence have been asserted:

1. The out-of-court declarations were not made under oath.

2. The use of such declarations denies to the opponent the right to confront the witness against him.

3. The out-of-court declarant cannot be cross-examined.

4. The trier of fact has no opportunity to observe the demeanor of the declarant on the stand.

5. Such evidence is inherently weak.

6. The jury will tend to give it too much weight.

7. The more often a story is repeated, the more likely it is to become distorted.

8. There is too much danger of fraud or perjury.

2 Charles E. Friend, *The Law of Evidence in Virginia* § 18-2 (4th ed. 1993) (footnote omitted). Here, none of these justifications was threatened. This was a trial by the court, not a jury. The hearsay statement was made only to the custodial aunt. Nothing in the record discloses a reason to suspect the commission of a fraud or perjury. The declarant was present in court, testified under oath to the same facts, confronted the accused, was cross-examined, and was observed by the trier of fact as she testified. When assaulted, she was in a household with a person, although her natural mother, in whom she could not confide. The victim's tender years, obvious nervousness, tears, and, as noted by the trial court, the fact that her statement was made at her first opportunity to a person who had cared for her from infancy constitute circumstances that support the trial court's discretionary finding that the statement was made with sufficient spontaneity as to fall within the excited utterance exception to the hearsay rule.

Moreover, in the case of statements made by young children, the element of trustworthiness underscoring the spontaneous and excited utterance exception finds its source primarily in the child's lack of capacity to fabricate such a story rather than the lack of time to fabricate. *Martin v. Commonwealth*, 4 Va. App. 438, 442, 358 S.E.2d 415, 418 (1987). Admissibility of evidence rests within the sound discretion and judgment of the trial court and, upon our review, we cannot say that under the facts of this case the trial court abused its discretion.

In support of his contention, appellant cites *Leybourne v. Commonwealth*, 222 Va. 374, 282 S.E.2d 12 (1981). This case is distinguishable from *Leybourne*. In *Leybourne*, the Court held that there was no spontaneous declaration where the victim was in the presence of his mother for several hours before he reported the sexual incident. In the case before us, the victim reported the event to the aunt, her legal guardian, as soon as the circumstances

permitted.

Appellant further argues that the trial court erred in permitting the prosecutor to allude to hearsay evidence in the presentence report. For reasons stated in *Davis v. Commonwealth*, 12 Va. App. 81, 402 S.E.2d 684 (1991), and *Thomas v. Commonwealth*, 18 Va. App. 656, 446 S.E.2d 469 (1994) (en banc), we find that it was not error for the trial court at the sentencing stage to consider hearsay contained in the presentence report.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Fitzpatrick, J., and Cole, S.J., concurred.