COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia

TROY JOHNSON

v.          Record No. 0613-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                     DECEMBER 5, 1995


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Alfred W. Whitehurst, Judge

          William P. Robinson, Jr. (Robinson, Madison,
          Fulton & Anderson, on brief), for appellant.

          Richard H. Rizk, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          H. Elizabeth Shaffer, Assistant Attorney
          General, on brief), for appellee.


     Troy Johnson (defendant) was convicted by a jury on six

indictments, three charging first degree murder and three for the

related uses of a firearm. Defendant complains on appeal that the

trial court erroneously permitted the Commonwealth to introduce (1)

irrelevant and immaterial evidence gathered during an

unconstitutional search and seizure, (2) hearsay evidence, and (3)

the irrelevant testimony of an expert witness. We disagree and

affirm the convictions.

     The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this appeal.

     Under familiar principles of appellate review, we consider the

evidence in the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). Similarly, in reviewing the ruling on a suppression motion, we consider the evidence in the "light most favorable to . . . the prevailing party below," the Commonwealth in this instance, and the decision of the trial judge will be disturbed only if plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). To prevail on appeal, defendant "carries the burden to show . . . that the denial of [the] motion . . . constitute[d] reversible error." Motley v. Commonwealth, 17 Va. App. 439, 440-41, 437 S.E.2d 232, 233 (1993).

### SEARCH AND SEIZURE

Defendant first challenges both the constitutional sufficiency of the search warrant and related affidavit and the scope of the attendant search of defendant's residence. However, neither the affidavit nor warrant are a part of the record on appeal, and defendant must "present a sufficient record on which the court can determine whether or not the lower court has erred." Wansley v. Commonwealth, 205 Va. 419, 422, 137 S.E.2d 870, 872-73 (1964), cert. denied, 380 U.S. 922 (1965). We are, therefore, precluded from considering these issues.

### ADMISSIBILITY OF EVIDENCE

Defendant next argues that the bulletproof vest seized during the search of his residence and received into evidence was irrelevant and immaterial. Generally, "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse

of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). "Evidence that tends to establish a fact at issue is relevant and material and, therefore, admissible, if its probative value is not outweighed by any prejudicial effect." Wilkins v. Commonwealth, 18 Va. App. 293, 297, 443 S.E.2d 440, 443 (1994). "Once evidence is determined to be relevant and material, '[t]he responsibility for balancing . . . probative value and prejudice rests in the sound discretion of the trial court . . . .'" Id. at 298, 443 S.E.2d at 443.

Here, the evidence disclosed that a victim, Ridley, was a "drug dealer," "normally" armed with "a gun." On the evening of the murders, several persons, including defendant, entered Ridley's home, and the four occupants were ordered to the floor at gunpoint. Ridley was subsequently overheard in conversation with defendant, during which defendant demanded "drugs" and "money" from Ridley. Ridley, yelling and addressing defendant by his nickname, "T.J.," responded, "we can talk about this." This exchange was followed by fatal gunshots to the heads of the three victims.

Such evidence clearly supports the inferences that defendant was involved in the drug trade and went to Ridley's home, armed and anticipating a violent confrontation with a drug dealer reputed to carry a weapon. The discovery of the vest at defendant's residence following the commission of the offenses was consistent with defendant's need for protection during this mission and, therefore, probative of his criminal agency, a substantive fact in issue. Considered in such context, the trial court properly admitted the

vest into evidence.

Defendant's objection to expert testimony regarding the carpet fibers, an additional evidentiary issue, is also without merit. After extensive microscopic examination and analysis, the expert reported "no differences" in carpet fibers recovered from defendant's pants, a floor mat in his automobile, and Ridley's home. However, the witness acknowledged that such fibers comprised the "most common" nylon carpeting and was unable to statistically relate the "match" to Ridley's residence.

In Hughes v. Commonwealth, 18 Va. App. 510, 512, 446 S.E.2d 451, 453 (1994) (en banc) (citing Hughes v. Commonwealth, 16 Va. App. 576, 602-04, 431 S.E.2d 906, 922-23 (1993) (Coleman, J., concurring and dissenting)), this Court expressly approved the introduction of similar evidence under substantially identical circumstances. There, we recognized that, "[s]tanding alone, the carpet fiber evidence ha[d] very little probative value" in relating the accused to his victim but, nevertheless, was "another circumstance consistent with guilt . . . ." Hughes, 16 Va. App. at 603, 431 S.E.2d at 923. Thus, while the weight of the evidence may have been slight, it tended to establish a fact in issue and was, therefore, relevant and admissible. Id. at 602-03, 431 S.E.2d at 922-23; Wise v. Commonwealth, 6 Va. App. 178, 188, 367 S.E.2d 197, 203 (1988).

### HEARSAY

Lastly, defendant contends that evidence of Ridley's conversation with defendant moments before Ridley's murder

constituted inadmissible hearsay.  This argument ignores the long recognized excited utterance exception to the hearsay rule.  The circumstances surrounding the confrontation and exchange between Ridley and defendant clearly establish that Ridley spoke "spontaneously, induced by . . . stress and excitement . . . ." Cotton v. Commonwealth, 20 Va. App. 596, 598, 459 S.E.2d 527, 528 (1995).  Hence, the reliability of his statements emanated from impulse and spontaneity.  See Royal v. Commonwealth, 12 Va. App. 928, 931, 407 S.E.2d 346, 348 (1991).  Application of the exception "'depends on the circumstances of each case'" and rests within the sound discretion of the trial court.  Id. (citation omitted).  We find no abuse of such discretion in this instance.

Accordingly, we affirm the judgment of the trial court.

Affirmed.