COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


LAMONT ERNEST HARRIS
                                          OPINION BY
v.          Record No. 3071-96-2     JUDGE LARRY G. ELDER
                                         MARCH 24, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Donald W. Lemons, Judge

            Steven D. Benjamin (Betty Layne DesPortes;
            Benjamin & DesPortes, P.C., on briefs), for
            appellant.

            Richard B. Smith, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


     Lamont Ernest Harris ("appellant") appeals the sentence

imposed by the trial court following his guilty plea to the

charge of possessing heroin with intent to distribute.  He

contends the trial court violated the Due Process Clause of the

Fourteenth Amendment when it admitted the following evidence

during a hearing to determine his sentence:  (1) information

contained in a presentence report regarding his prior adult

criminal convictions to which his Sixth Amendment right to

counsel had attached, (2) information contained in a presentence

report regarding his entire juvenile record, and (3) a proffer by

the Commonwealth's attorney regarding the evidence presented at a

trial of appellant on an unrelated murder charge that resulted in

a hung jury.  For the reasons that follow, we affirm.

FACTS

On October 10, 1996, appellant pleaded guilty to the charge that he possessed heroin with the intent to distribute "on or about January 5, 1996." After accepting appellant's guilty plea, the trial court scheduled a hearing to sentence appellant for this offense ("heroin offense") and ordered the preparation of a presentence report.

On November 12, 1996, the trial court held a hearing to first sentence appellant for the heroin offense and then to receive appellant's guilty plea to an unrelated charge of murder.[1] At the beginning of the hearing to determine appellant's sentence for the heroin offense, the following exchange occurred regarding the relevance of the murder charge:

TRIAL COURT: Counsel, do I understand that we have both a sentencing on one charge and a plea on another, is that correct?

APPELLANT'S COUNSEL: Yes, sir. The sentencing to occur before we take up this other matter.

COMMONWEALTH'S ATTORNEY: Judge, although the sentencing is going to occur in time first, we believe we can stipulate and agree that the plea agreement is going to be, we're

---

[1] Appellant was charged with murdering Thomas Lee Smithers ("victim") on October 8, 1995 ("murder charge"). A trial of appellant on the murder charge ended in a hung jury. Appellant and the Commonwealth subsequently negotiated a plea agreement, pursuant to which appellant agreed to enter a guilty plea to the murder charge on the condition that he receive a suspended sentence. The parties agreed that appellant would be sentenced for the heroin offense before pleading guilty to the murder charge.

going to recommend imposition of sentence suspended on first degree murder upon the plea of guilty.

APPELLANT'S COUNSEL: Let me tell you additionally what that representation is all about. At the time that we agreed to the dispositions on today's cases, it was agreed that no conviction, no plea on the homicide would occur until after these pending charges had been disposed of. It was also agreed, however, that during the course of the sentencing, the Commonwealth could make known to you the anticipated plea and the plea agreement, but I think that we both agree that that conviction has not occurred and both of us, I think, would be free to address those matters during our comments.

TRIAL COURT: Including summary of the evidence on that matter?

APPELLANT'S COUNSEL: I think that will come up.

The Commonwealth stated that the evidence it intended to offer during the sentencing hearing consisted of "the guidelines, the presentence report, and the stipulation about what we anticipate occurring." The presentence report contained a list of appellant's prior adult criminal convictions and juvenile adjudications. Included among appellant's prior convictions were two felonies and one misdemeanor for which appellant was actually incarcerated.[2] Neither the Commonwealth nor appellant offered

---

[2]The two felonies are listed as "Dist. Heroin w/Intent to Dist." and "Poss. Heroin w/Intent to Dist." Under the heading "DMV RECORD," the presentence report stated that appellant had one conviction of "OALR" for which he was sentenced to "30 days w/5 days suspd." Although the meaning of "OALR" is unclear, the jail sentence imposed indicates that this offense is a misdemeanor.

any evidence about whether these convictions were obtained in compliance with appellant's Sixth Amendment right to counsel. The presentence report also stated that appellant's juvenile record included adjudications of "not innocent" for twelve offenses.

Appellant made two objections to the admissibility of the presentence report. He first objected to the portion of the presentence report summarizing his prior adult criminal record. He argued that admitting the summary of his adult criminal record violated his right to due process under the Fourteenth Amendment because the Commonwealth failed to prove that any of these prior convictions were "counseled" under the Sixth Amendment. The trial court overruled appellant's objection.

Appellant also objected to the admissibility of the portion of the presentence report summarizing his juvenile record. He argued that admitting evidence during the sentencing phase of an adult criminal proceeding regarding his prior juvenile record was unconstitutional because the procedures under which the juvenile proceedings were adjudicated rendered them "unreliable." The trial court also overruled this objection.

The Commonwealth's attorney subsequently argued that appellant's long and varied history of committing criminal offenses justified the imposition of the maximum sentence for the heroin offense. During his recitation of appellant's history of criminal convictions and juvenile adjudications, the

4

Commonwealth's attorney referred to the murder charge still pending against appellant. He stated:

> We see that he's also, he's committed larcenies. He's committed several larcenies, grand larceny, petty larceny, petty larceny. He's vandalized property. He's been convicted of vandalism . . . . <u>And now with the stipulation that we have, we know that he has committed a murder and that he is pleading guilty to a murder</u>. That is a record that goes across all the different categories of offenses from sex offense to murder to drugs to stealing and the entire gamut. . . .

(Emphasis added).

At the beginning of his argument regarding appellant's sentence, appellant's counsel objected to the Commonwealth's attorney's reference to the murder charge. He argued that the trial court "cannot consider [the murder charge] at all because there is in fact no conviction [and] . . . no evidence before you of what occurred." The trial court ruled that references to the murder charge were "admissible" and that the only remaining issues "[were] how probative it is and how much should it be considered by the Court." The trial court then directed appellant's counsel to present arguments about these two issues.

In response to the trial court's request, appellant's counsel stated his understanding of the circumstances that led to the hung jury at the trial on the murder charge and argued that appellant's forthcoming guilty plea was unreliable and not probative. The Commonwealth's attorney responded by arguing that appellant's forthcoming guilty plea to the murder charge was

5

reliable and relevant to the determination of his sentence for the heroin offense. In support of his argument, the Commonwealth's attorney proffered a detailed summary of the evidence presented at the trial of the murder charge, including his synopsis of all of the key witnesses' testimony. Appellant's counsel responded with a detailed summary of the evidence that impeached the credibility of the witnesses who testified at the trial on the murder charge. He argued that the unreliability of the Commonwealth's witnesses rendered appellant's forthcoming guilty plea to the murder charge "of no probative value."

At the conclusion of the arguments, the trial court sentenced appellant to serve forty years in a state correctional facility, the maximum sentence of incarceration allowed for a conviction under Code § 18.2-248, and suspended twenty-five of these years for the remainder of appellant's life.

After the proceeding on the murder charge, appellant made a motion to suspend or reduce the sentence imposed by the trial court for the heroin offense. Appellant argued that the trial court violated the Fourteenth Amendment when it admitted into "evidence" the proffer given by the Commonwealth's attorney regarding the evidence presented at the trial on the murder charge. Appellant argued that the proffer was constitutionally inadmissible because "it would be unreliable evidence coming as it did through various representations instead of [appellant] confronting that particular witness on the stand." The trial

6

court denied appellant's motion.  It explained that it considered the Commonwealth's attorney's proffer to be "admissible testimony," and the fact that a trial had already been held on the murder charge, at which both attorneys were present, rendered the proffer sufficiently reliable to be considered as "evidence."

## II.

### ADMISSIBILITY OF PRIOR ADULT CRIMINAL CONVICTIONS

Appellant contends the trial court violated the Due Process Clause of the Fourteenth Amendment when it admitted evidence during a sentencing hearing about his prior adult convictions to which his Sixth Amendment right to counsel had attached.  He argues that prior criminal convictions are presumed to be tainted by a violation of the defendant's right to counsel and that the Commonwealth failed to meet its burden of proving that his convictions were properly "counseled" under the Sixth Amendment. Because appellant failed to rebut the presumption that his prior convictions were constitutionally valid, we disagree.

Both a criminal defendant's right to counsel and the prohibition against using uncounseled prior convictions to enhance punishment are well established.  Under the Sixth Amendment, a criminal defendant has a right to be represented by counsel, absent a knowing and intelligent waiver of this right, in all prosecutions of felonies and of misdemeanors for which the defendant is actually incarcerated.  See Scott v. Illinois, 440 U.S. 367, 373-74, 99 S. Ct. 1158, 1162, 59 L.Ed.2d 383 (1979);

7

Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S. Ct. 2006, 2012, 32 L.Ed.2d 530 (1972); see also Griswold v. Commonwealth, 252 Va. 113, 115, 472 S.E.2d 789, 790 (1996). The right to counsel under the Sixth Amendment does not extend to prosecutions of misdemeanors for which no jail time is actually served by the defendant. See Scott, 440 U.S. at 369, 99 S. Ct. at 1160.

In addition, the Due Process Clause limits the types of prior convictions that may be used to enhance a convicted defendant's sentence. See Parke v. Raley, 506 U.S. 20, 27, 113 S. Ct. 517, 522, 121 L.Ed.2d 391 (1992). A prior conviction is used for "sentence enhancement" when it is admitted (1) during a trial to convict a defendant of violating a "recidivist statute," i.e., a statute that criminalizes the commission of a successive violation of a particular offense, (2) during a sentencing hearing as part of the criminal history portion of a calculation of a sentence pursuant to the sentencing guidelines, or (3) during a sentencing hearing as part of the defendant's record of prior criminal convictions. See Nichols v. United States, 511 U.S. 738, 747, 114 S. Ct. 1921, 1927, 128 L.Ed.2d 745 (1994) (regarding recidivist statutes and sentencing guidelines); Griswold, 252 Va. at 116, 472 S.E.2d at 789 (regarding prior criminal record). Among the prior convictions that may not be admitted for sentence enhancement are those that were "uncounseled," i.e., obtained in violation of the defendant's Sixth Amendment right to counsel. See id. (citing Burgett v.

8

<u>Texas</u>, 389 U.S. 109, 115, 88 S. Ct. 258, 262, 19 L.Ed.2d 319 (1967)).[3]  Applying this principle, the Virginia Supreme Court has held that a defendant's prior misdemeanor conviction that was "uncounseled" and for which he served two days in jail was inadmissible during <u>both</u> the guilt and sentencing phases of his trial on the charge of driving under the influence of intoxicants ("DUI"), a second conviction within five to ten years of a first DUI conviction.  <u>See</u> <u>Griswold</u>, 252 Va. at 116, 472 S.E.2d at 790–91.

When sentence enhancement is an issue, the Commonwealth has the burden of proving the existence of a defendant's prior, valid convictions, and it is assisted with this burden by the "presumption of regularity."  Because every final judgment of a court of competent jurisdiction is presumed "to have been rightly done," a "final" criminal conviction is entitled to a "presumption of regularity" when challenged collaterally, even on the ground that it was constitutionally invalid.  <u>See</u> <u>Nicely v. Commonwealth</u>, 25 Va. App. 579, 584–86, 587, 490 S.E.2d 281, 283–84, 284 (1997); <u>see also</u> <u>James v. Commonwealth</u>, 18 Va. App. 746, 750–51, 446 S.E.2d 900, 903 (1994) (citing <u>Parke</u>, 506 U.S.

---

[3]A prior conviction obtained in violation of a defendant's right to a knowing and intelligent waiver of his rights when making a guilty plea also cannot be used to support guilt or enhance punishment for another offense.  <u>See</u> <u>James v. Commonwealth</u>, 18 Va. App. 746, 750–51, 446 S.E.2d 900, 903 (1994); <u>Parke</u>, 506 U.S. at 27–29, 113 S. Ct. at 522–23 (construing <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969)).

at 30, 113 S. Ct. at 523).  Thus, if the Commonwealth offers evidence sufficient to prove the existence of a defendant's prior criminal conviction, a presumption arises that the prior conviction was obtained in compliance with the defendant's right to counsel under the Sixth Amendment.  See Nicely, 25 Va. App. at 587, 490 S.E.2d at 284 (stating that "the record of a prior misdemeanor conviction, silent with respect to related incarceration or representation of the accused by counsel, is entitled to a presumption of regularity on collateral attack . . ." (emphasis added)).  Unless the defendant rebuts this presumption with evidence that the prior conviction is constitutionally invalid, the prior conviction may be used for sentence enhancement in the current proceeding.  Requiring the defendant to rebut the presumption of regularity does not violate the Due Process Clause because, as the United States Supreme Court has stated,

> when a collateral attack on a final
> conviction rests on constitutional grounds,
> the presumption of regularity that attaches
> to final judgments makes it appropriate to
> assign a proof burden to the defendant.

Parke, 506 U.S. at 31, 113 S. Ct. at 524.[4]

Appellant argues that James stands for the proposition that the Commonwealth always retains both the burden of production and

---

[4]In Parke, the United States Supreme Court held that "the Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction under Boykin."  506 U.S. at 34, 113 S. Ct. at 525-26.

10

persuasion on the issue of whether a defendant's prior conviction was valid under the Sixth Amendment. Although the issue in <u>James</u> did not involve a collateral challenge to a prior conviction based upon the right to counsel secured by the Sixth Amendment, we did, albeit by way of <u>dictum</u>, make the following statement:

<u>The Commonwealth</u> had the burden of going forward with evidence and <u>always retains the burden of persuasion to prove that the predicate convictions relied upon were valid under [the Sixth Amendment's right to counsel]</u> . . . .

We hold that the Commonwealth satisfies its burden of going forward when it produces a properly certified conviction from a court of competent jurisdiction which appears on its face to be a valid final judgment, <u>provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is evidence establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding</u>. <u>Burgett v. Texas</u>, 389 U.S. 109, 114, 88 S. Ct. 258, 261, 19 L.Ed.2d 319 (1967); <u>Nichols</u>, [511 U.S. at 746-47], 114 S. Ct. at 1927; <u>Scott</u>, 440 U.S. at 373, 99 S. Ct. at 1161.

18 Va. App. at 752, 446 S.E.2d at 904 (emphasis added). This statement is correct, although perhaps incomplete. When the Commonwealth seeks to prove that a defendant has a prior criminal conviction, it bears the burden of producing evidence sufficient to prove that such a conviction did, in fact, occur. Once the Commonwealth establishes this fact, the presumption of regularity that attaches to such convictions satisfies any burden the Commonwealth had to prove that the conviction was obtained in compliance with the defendant's right to counsel. This <u>dictum</u> in

11

James does not require the Commonwealth to offer additional evidence that independently establishes that the prior conviction was "counseled" as a prerequisite to the conviction's admissibility. Instead, the Commonwealth is only required to produce such additional evidence if the defendant first produces evidence of his or her own that rebuts the presumption of regularity. See Nicely, 25 Va. App. at 585, 490 S.E.2d at 283 (stating that "'[a] silent record or the mere naked assertion by an accused' that his constitutional rights were violated is 'insufficient' to rebut the presumption of validity").

We hold that the trial court did not violate the Due Process Clause when it admitted at the sentencing hearing for the heroin offense the evidence of appellant's prior convictions. The Commonwealth proved the existence of appellant's prior convictions by offering the out-of-court statements of Anita G. Sweetwyne, the probation and parole officer who prepared the presentence report. Appellant did not contend that the summary of his prior adult criminal record contained in the presentence report was inaccurate or that the hearsay contained in the report was inadmissible at the sentencing hearing. See Williams v. New York, 337 U.S. 241, 250-51, 69 S. Ct. 1079, 1086, 93 L.Ed. 1337 (1949). On appeal, he does not contend that this evidence was insufficient to prove the existence of his prior convictions. The presentence report indicates that two of these prior convictions were felonies and that one was a misdemeanor for

12

which appellant was actually incarcerated.  Thus, appellant's right to counsel under the Sixth Amendment attached to these convictions.  See Scott, 440 U.S. at 373-74, 99 S. Ct. at 1162; Burgett, 389 U.S. at 114, 88 S. Ct. at 261 (citing Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963)).  When the Commonwealth offered evidence that proved the existence of these convictions, a presumption arose that they were constitutionally valid.  Appellant offered no evidence to rebut the presumption that these prior convictions were obtained in compliance with his right to counsel under the Sixth Amendment.  Because appellant failed to rebut the presumption of regularity, the trial court did not violate the Due Process Clause when it admitted these prior convictions for the purpose of sentence enhancement.

III.

ADMISSIBILITY OF PRIOR JUVENILE ADJUDICATIONS

Appellant contends the trial court violated the Due Process Clause of the Fourteenth Amendment when it admitted evidence during the sentencing hearing about his prior juvenile record. He argues that the procedures attendant to juvenile proceedings render these adjudications so unreliable that it is fundamentally unfair to consider them during the sentencing phase of later adult criminal prosecutions.  We disagree.

Under Code § 19.2-299(A), a probation officer who has been ordered to prepare a presentence report is required "to fully

13

advise the court" of "the history of the accused, including a report of the accused's criminal record as an adult and available juvenile records, and all other relevant facts."  (Emphasis added); see Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 471 (1994) (en banc).  The trial court, in turn, is required to read and consider the content of the presentence report when "determin[ing] the appropriate sentence to be imposed."  Code § 19.2-299(A); cf. Duncan v. Commonwealth, 2 Va. App. 342, 345-46, 343 S.E.2d 392, 394 (1986) (stating that "[a] defendant convicted of a felony has an absolute right to have a presentence investigation and report prepared upon his request and submitted to the court prior to the pronouncement of sentence").

We hold that the trial court did not violate appellant's right to due process when it admitted into evidence at the sentencing hearing the summary of his juvenile record contained in the presentence report.  The process of determining a convicted defendant's sentence is, in a constitutional sense, "less exacting than the process of establishing guilt."  Nichols, 511 U.S. at 747, 114 S. Ct. at 1927.

> [O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court but may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or "out-of-court" information relative to the circumstances of the crime and to the convicted person's life

14

and characteristics.

_Williams v. Oklahoma_, 358 U.S. 576, 584, 79 S. Ct. 421, 426, 3 L.Ed.2d 763 (1959). Evidence about the convicted defendant's "life and characteristics" that is constitutionally admissible during a sentencing hearing includes evidence regarding the defendant's prior criminal conduct, whether adjudicated or unadjudicated. See _Nichols_, 511 U.S. at 747, 114 S. Ct. at 1928. Because the evidentiary restrictions imposed by the Due Process Clause upon sentencing hearings are significantly relaxed, we conclude that the trial court did not err when it admitted into evidence the summary of appellant's juvenile record.

Appellant argues that admitting prior juvenile adjudications at a sentencing hearing is fundamentally unfair because they are not as "reliable" as adult criminal convictions. We disagree. Criminal convictions do not set the standard for determining the admissibility at a sentencing hearing of information regarding a convicted defendant's prior criminal conduct. Cf. _Williams v. New York_, 337 U.S. at 244, 250-51, 69 S. Ct. at 1081, 1086 (holding that the Due Process Clause did not prohibit the trial court from considering hearsay contained in a presentence report that appellant committed thirty unadjudicated burglaries); _Walker v. Commonwealth_, 19 Va. App. 768, 774, 454 S.E.2d 737, 741 (1995). Instead, under the Due Process Clause, the prior criminal conduct of a convicted defendant may be established by evidence offered at a sentencing hearing, and "the state need

15

prove such conduct only by a preponderance of the evidence."

<u>Nichols</u>, 511 U.S. at 748, 114 S. Ct. at 1928.  Thus, the mere fact that a juvenile adjudication is not a criminal conviction does not bar its admission into evidence at a sentencing hearing. Moreover, an adjudication that a juvenile has committed a criminal offense is arguably more reliable than hearsay evidence regarding unadjudicated criminal conduct because it is determined pursuant to the due process protections that are applicable to juvenile proceedings, which include the "beyond-a-reasonable-doubt" standard of proof.[5]

## IV.
## ADMISSIBILITY OF PROSECUTOR'S PROFFER REGARDING
## THE EVIDENCE ADMITTED AT APPELLANT'S MURDER TRIAL

Appellant contends the trial court violated the Due Process Clause of the Fourteenth Amendment when it considered the Commonwealth's attorney's proffer regarding the evidence at the murder trial to be "admissible testimony" at the sentencing hearing.  He argues that the Commonwealth's attorney's summary of the testimony against him at the murder trial was not

---

[5]Under the Fourteenth Amendment, a juvenile subjected to the juvenile process has a right to notice of the charges against him or her, a right to counsel, a privilege against self-incrimination, and a right to confrontation and cross-examination.  <u>See</u> <u>In re Gault</u>, 387 U.S. 1, 31-57, 87 S. Ct. 1428, 1445-59, 18 L.Ed.2d 527 (1967).  In addition, as in prosecutions against adults, the charges against a juvenile must be established "by proof beyond a reasonable doubt."  <u>In re Winship</u>, 397 U.S. 358, 368, 90 S. Ct. 1068, 1075, 25 L.Ed.2d 368 (1970).

sufficiently reliable to be considered "evidence" that he committed the murder because he was denied the opportunity to confront and cross-examine those witnesses during the sentencing hearing. We disagree.

We hold that the trial court did not violate the Due Process Clause of the Fourteenth Amendment when it admitted into evidence at the sentencing hearing the proffer by the Commonwealth's attorney regarding the evidence presented at the trial on the unrelated murder charge. Consistent with due process, a sentencing court "is not restricted to evidence derived from the examination and cross-examination of witnesses in open court" and is permitted to consider "responsible unsworn or 'out-of-court' information relative to the circumstances of the crime and to the convicted person's life and characteristics." Williams v. Oklahoma, 358 U.S. at 584, 79 S. Ct. at 426 (emphasis added). As previously stated, the mere fact that appellant was not convicted of the murder charge did not constitutionally bar the trial court from considering it when determining appellant's sentence for the heroin offense. Moreover, the Commonwealth's attorney's proffer concerned only the evidence admitted at the trial on the murder charge. Although appellant argued that the witnesses at this trial were not credible, he did not disagree with the Commonwealth's attorney's representations regarding the substance of their testimony and the other evidence at the trial. As such, we cannot say the trial court violated the Due Process Clause

17

when it chose to rely upon the Commonwealth's attorney's "responsible unsworn" proffer regarding this evidence.  See id. at 583-84, 79 S. Ct. at 426 (holding that the prosecuting attorney's statement of the details of the crime and of the defendant's criminal record at a sentencing hearing following a guilty plea did not "deprive [the defendant] of fundamental fairness or of any right of confrontation or cross-examination" (emphasis added)).

For the foregoing reasons, we affirm the sentence imposed by the trial court following the conviction of possession of heroin with intent to distribute.

Affirmed.