## Richmond

### ROBERT BRUCE LEYBOURNE

### V.

### COMMONWEALTH OF VIRGINIA

September 11, 1981.

Record No. 801286.

Present: All the Justices.

*Raymond J. Morley, Jr. (Pfitzner & Morley*, on brief), for appellant.

*Linwood T. Wells, Jr., Assistant Attorney General (Marshall Coleman, Attorney General*, on brief), for appellee.

PER CURIAM.

Robert Bruce Leybourne was tried by a jury upon an indictment charging him with taking indecent liberties with a child. Code § 18.2-370. He was found guilty of contributing to the delinquency of a minor and sentenced to serve twelve months in jail. In this appeal, Leybourne contends that the trial court improperly admitted hearsay evidence and evidence that he had previously committed a homosexual act.

Mrs. Cornelia Rigg and her four children resided in the same Prince William County neighborhood as Leybourne and his family. On November 9, 1979, at approximately 2 p.m., Leybourne telephoned Mrs. Rigg to ask if her son James, who was then four-and-a-half years old, could come to the Leybourne house and help capture a gerbil which had escaped earlier in the day. She agreed, and James went there. That afternoon at 3:30 p.m., Mrs. Rigg took a number of children, including James, to a local restaurant where they stayed until 6 or 6:30 p.m. Although Leybourne had initially accepted an invitation to go to the restaurant, he later declined, saying he did not feel well.

Mrs. Rigg testified that after she put James to bed at 8 p.m. that evening, he called to her, in what she described as a "frightened voice." She then stated that James said "Edward's daddy [defendant] put his hands in my pants and they were cold." Mrs. Rigg testified that when she asked James what Leybourne did, he replied, "he moved them around." When she asked, "how long did he keep them there?" James answered, "until John and Edward

came in from school." The Commonwealth's Attorney asked Mrs. Rigg if James said that the defendant had touched any part of James' body. She responded: "James said that he put his — that his hand touched his pee-pee and his hands were cold." The trial court admitted this testimony, over Leybourne's timely objection, "as a statement, not for the truth of it."

James Rigg also testified. He proved to be a fidgety, difficult, and unsatisfactory witness, as would be expected of a five-year-old infant trying to recall an incident six months past. However, he stated that the defendant "put his hands in my pants," and he pointed generally to where he was touched.

The incident was reported to the Prince William County Police Department. Leybourne was interviewed by police on or about November 12, 1979, and again on February 8, 1980. On February 12, 1980, a police investigator made a complaint charging the defendant with taking "indecent liberties" with James on November 12, 1979. The arrest warrant was subsequently amended to charge that the offense was committed on November 9, 1979. Leybourne was arrested on February 19 and tried May 19, 1980.

At trial, Leybourne denied touching James with lascivious intent. He testified that James and other boys became disheveled and untidy while playing in the house. He explained that he straightened the boys' clothing and "tucked in" their shirts before Mrs. Rigg came to get them. During cross-examination, Leybourne admitted that he had seen a psychiatrist, but he denied being a homosexual. The trial court allowed the Commonwealth's Attorney, over defendant's objection, to ask Leybourne if he told police that he previously had a sexual relationship with a four-teen-year-old boy. Leybourne admitted making the statement and stated that the relationship had occurred eight years earlier. When asked if he had been convicted of a felony, Leybourne answered affirmatively.

█ Our decision in this case is controlled by *Pepoon* v. *Commonwealth*, 192 Va. 804, 66 S.E.2d 854 (1951). There, the trial court admitted a mother's testimony that her three-year-old son had complained of an act of sodomy committed upon him. The complaint was made a week or ten days after the offense. In that case, we recognized the recent complaint exception to the hearsay rule:

In criminal trials for rape and assault with intent to ravish, the courts are unanimous in holding that it may be shown by the testimony of the prosecuting witness, or that of other witnesses, that the prosecutrix made complaint of the outrage soon after its commission, for the purpose of corroborating her testimony, but not as independent evidence of the offense charged.

192 Va. at 801, 66 S.E.2d at 858. But we reiterated that the recent complaint exception must be confined to cases of rape and thus the complaint made by the child to his mother in *Pepoon* was inadmissible hearsay. 192 Va. at 811, 66 S.E.2d at 858, quoting *Haynes* v. *Commonwealth*, 69 Va. (28 Gratt.) 942, 948 (1877). Cases which have adhered to this principle include *Cartera* v. *Commonwealth*, 219 Va. 516, 248 S.E.2d 784 (1978); *Lewis* v. *Commonwealth*, 209 Va. 602, 166 S.E.2d 248 (1969); *Herron* v. *Commonwealth*, 208 Va. 326, 157 S.E.2d 195 (1967). We continue to be of opinion that the recent complaint exception must be confined to cases involving rape. *See Moore* v. *Commonwealth*, 222 Va. 72, 278 S.E.2d 822 (1981). Consequently, the exception is not applicable in the instant case.

The incident involved here occurred some time between 2 p.m. and 3:30 p.m. The complaint by James to his mother was not made until approximately 8 p.m. Clearly, the child's statement was not admissible as a spontaneous declaration. The mother was not present, and her only knowledge of the alleged crime was that gained from her four-and-a-half-year-old son. Her testimony was hearsay and inadmissible. The evidence given by James was not sufficient to establish beyond a reasonable doubt that the defendant "contributed to the delinquency of the minor," a criminal offense. While there is evidence which raises a suspicion of defendant's guilt, we are not at liberty to relax "the requirement that the State must establish the existence of the *corpus delicti* and prove its case beyond a reasonable doubt by admissible evidence." *Pepoon, supra*, 192 Va. at 812, 66 S.E.2d at 859.

Having determined that the evidence is not sufficient to sustain the defendant's conviction, we find it unnecessary to address defendant's other assignments of error. Accordingly, the judgment complained of will be reversed for such insufficiency, and the indictment will be dismissed. *Hudson* v. *Louisiana*, 450 U.S. 40

(1981); *Christian v. Commonwealth*, 221 Va. 1078, 277 S.E.2d 205 (1981).

*Reversed and final judgment.*