JUSTICE LACY delivered the opinion of the Court.
In this appeal, we consider whether a proof of loss submitted by an insured substantially complied with the terms and conditions of a fire insurance policy.
Allstate Insurance Company (Allstate) issued a fire insurance policy covering property owned by Patricia A. Charity. The property was totally destroyed by a fire. The policy required Charity to submit a proof of loss and required that, if Allstate chose to rebuild the property, it had to inform Charity of such decision within 30 days of receiving the proof of loss.
Charity notified Allstate of the loss and submitted a proof of loss on June 23, 1995.[1] In completing the form, Charity wrote “To be determined” in the blanks designated as “Actual Cash Value of said property” and “The Amount Claimed under the . . . policy.” On November 22, 1995, Charity submitted a second proof of loss containing a dollar amount for the cash value of the dwelling. On December 6, 1995, Allstate notified Charity that it intended to rebuild the property. When Charity refused to allow Allstate to rebuild the premises, Allstate filed a motion for declaratory judgment seeking a determination that it was entitled to rebuild the premises pursuant to the terms of the policy.
The parties stipulated the evidence and exhibits and submitted the case to the trial court on cross-motions for summary judgment. The trial court held that the June 23 proof of loss substantially complied with the policy conditions, and, therefore, under the policy, Allstate was required to notify Charity that it intended to exercise its option to rebuild within 30 days of June 23. The trial court entered judgment in favor of Charity.
Allstate appeals the judgment of the trial court, asserting that substantial compliance requires that the proof of loss submitted by an insured contain the dollar amount of the loss and, therefore, Allstate’s December 6, 1995 notification to Charity of its intent to rebuild was timely. Because we conclude that neither the conditions of the policy nor the purpose of a proof of loss require that the form *58 contain the actual dollar amount of the loss, we will affirm the judgment of the trial court.
We have held that the terms and conditions of a fire insurance policy are satisfied by a showing of reasonable and substantial compliance, in the absence of bad faith. Aetna Cas. Co. v. Harris, 218 Va. 571, 578, 239 S.E.2d 84, 88 (1977). In addition, we have determined that providing the insurer with only the fact of loss does not constitute substantial or reasonable compliance. Id. at 578-80, 239 S.E.2d at 88-89. Whether substantial and reasonable compliance requires the insured to furnish the dollar amount of the actual cash value of the loss in this case depends on the requirements of the policy and the purpose of the proof of loss.
The policy conditions relevant to the proof of loss are found in Part 4, Section 1, Paragraph 3 of the policy. That paragraph provides that, in the event of a loss, the insured “must” do a number of things, one of which is to provide the company with a sworn proof of loss. The paragraph also lists a number of items that “should” be included in the proof of loss, including the actual cash value and the amount of the loss of the items damaged or destroyed. Allstate’s deliberate use of the words “must” and “should” in separate parts of the same paragraph compels the conclusion that the words have different connotations. In this context, “should” is permissive, and therefore, the dollar amount of the loss is not a required part of the proof of loss. Even if the insurer’s choice of words created some doubt as to whether the listed items were required to be included in the proof of loss form, such doubt must be resolved against the party drafting the policy. Fidelity & Cas. Co. of New York v. Fratarcangelo, 201 Va. 672, 677, 112 S.E.2d 892, 895 (1960). Based on the language used, we conclude that the policy conditions do not require that the actual dollar amount of the loss be stated on the proof of loss form.[2]
Even though the policy does not require the actual dollar amount in the proof of loss, the insured retains the burden to show that the information actually provided constitutes reasonable and substantial compliance with the requirement that a proof of loss be submitted to the insurer. Harris, 218 Va. at 578, 239 S.E.2d at 88. The *59 parties do not dispute that the purpose of a proof of loss is to enable the insurer to investigate the insured’s losses, to estimate its rights and liabilities, and to prevent assertion of fraudulent or unjust claims. Walker v. American Bankers Ins. Group, 836 P.2d 59, 62 (Nev. 1992); Sutton v. Fire Ins. Exch., 509 P.2d 418, 419 (Or. 1973). If the information Charity provided was sufficient to allow the proof of loss to be used for these purposes, Charity has met her burden of substantial compliance.
Allstate admits that the proof of loss submitted by Charity in June was sufficient to allow it to investigate the claim. Allstate asserts, however, that because the dollar amount of the loss was not on the form, it could not “determine the nature and extent of the loss or its liability.” As explained in oral argument, what Allstate means is that without Charity’s statement of the actual dollar value of the loss, Allstate could not determine whether it should exercise its option to rebuild. In essence, Allstate asserts that it needs to know the amount an insured is claiming so that it can compare that amount to what its investigation shows its liability may be.
Having an insured’s estimate of its loss undoubtedly would assist the insurer in structuring its position in settlement of the claim.[3] But the extent of Allstate’s liability is determined by the loss itself, the policy’s coverage restrictions, and the limits of the policy, not by the dollar amount the insured places on the proof of loss form. Not knowing the dollar amount of the insured’s claim does not affect the ability of the insurance company to determine the amount of its liability. As stated by the trial court, “[tjhere was nothing once [Allstate] got the proof of loss statement from Ms. Charity to prevent [it] from going out and conducting [its] own investigation . . . .”
The information provided on the June 23 proof of loss allowed Allstate to investigate the loss, to determine its liability, and to prevent a fraudulent claim. Therefore, the June 23 proof of loss substantially and reasonably complied with the terms of the policy and the purposes of a proof of loss.
Part 4, Section 1, Paragraph 4 of the policy states that in order to exercise the option to rebuild the property, Allstate “must give you notice of OUR intention within 30 days after we receive your signed, sworn proof of loss.” When Allstate received a proof of loss which reasonably and substantially complied with the condi *60 tions of the policy, the thirty-day period began to run. In this case, the thirty-day period began to run with the submission of the June 23 proof of loss. Allstate did not notify Charity of its intention to rebuild the destroyed property within the time required by the policy conditions and, therefore, waived its option to rebuild.
For these reasons, we will affirm the judgment of the trial court.

Affirmed.

 Charity hired The Goodman-Gable-Gould Company, a public adjustment company, to assist her in the settlement of her claim.

 Code § 38.2-2105’s requirement that a fire insurance policy “shall” contain certain provisions, including one calling for notification to the insurer of the “amount of loss claimed,” does not require a different result. Section 38.2-2107 provides that a company may use simplified alternative language which is no less favorable to the insured than that contained in § 38.2-2105.

 Other provisions of the policy specifically provide procedures for resolving disparities between the amount claimed by the insured and the amount offered by the insurer.