COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia

JAMES DERRELL SMITH

|  |  | OPINION BY |
|---|---|---|
| v. | Record No. 0395-07-1 | JUDGE D. ARTHUR KELSEY |
|  |  | MAY 20, 2008 |

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Ben Pavek (Office of the Public Defender, on briefs), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F. McDonnell, Attorney General, on brief), for appellee.


James Derrell Smith pled guilty to various charges of burglary and grand larceny.  At his sentencing hearing, the Commonwealth presented written statements from victims stating their opinion on the value of the property stolen by Smith.  On appeal, Smith argues that the sentencing court erred by relying on these statements in setting the amount of restitution.  We disagree and affirm.

I.

During a three-month crime spree, Smith burglarized multiple homes and stole various items of personal property from homeowners.  He pled guilty to twenty-one burglary and larceny offenses in exchange for the *nolle prosequi* dismissal of nine additional charges.  Prior to the sentencing hearing, the Assistant Commonwealth Attorney asked the victims to estimate the value of their stolen property.[1]  Many of the victims provided this information.  Victim loss statements were prepared for each of the participating victims.

---

[1] The items included cameras, a camcorder, rings, a lamp, pillowcases, computers, a printer, a phone, Playstation consoles, a debit card, cash, jewelry, coins, video games, baseball caps, stereo

The probation officer also prepared a presentence report identifying the victims, their addresses, and the specific items stolen from each. The presentence report recommended a restitution plan requiring monthly payments. Attached to the presentence report was a single loss statement seeking $7,794.30 in restitution for one of the victims.

At the start of the sentencing hearing, the court noted that it had been provided a presentence report and an "attached victim witness impact statement and restitution amount" seeking $7,794.30. The Assistant Commonwealth Attorney advised the court that she had submitted a "packet" of additional victim loss statements and requested $27,256.57 in total restitution. The court found the "packet" in the court's file. The "packet" contained a cover letter, a loss itemization for the victims seeking restitution, and fourteen victim loss statements.

Smith's counsel acknowledged that the presentence report, its attached victim loss statement, and the "packet" of additional statements had been provided to him "well in advance" of the sentencing hearing. "My only concern," Smith's counsel stated, was the amount and method of calculating the restitution. Counsel noted that the restitution value placed on some of the items could be new-for-old replacement value. "I just don't know simply by looking at the list if that's an actual amount of restitution," counsel argued, "and that's my only point on that, Judge."

The Assistant Commonwealth Attorney proffered to the court that her office prepared the victim loss statements based upon information provided directly from the victims. "[T]he victims in each individual case were asked the amount, the value of the items at the time that they were stolen. And that's the information that was provided before the court and we would ask the court to accept the restitution amounts." The Assistant Commonwealth Attorney added that she provided the

---

systems, speakers, compact discs, a computer monitor, a DVD recorder, a DVD player, pistols, shotguns, rifles, black powder replicas, ammunition, shoes, luggage, a Blackberry, vodka, wine, steaks, milk, juice, a military issued bulletproof vest, gift cards, and various other personal items.

victim loss statements to Smith's counsel prior to the sentencing hearing, thus giving him an opportunity to present evidence or witnesses to contest the restitution values claimed by the victims.

Relying on the presentence report and the victim loss statements, the sentencing court found the amounts reasonable and ordered Smith to cooperate with a restitution plan coordinated by the probation officer. The court then reduced the term of Smith's active incarceration to give him an opportunity to get a quick start on reimbursing the victims for their losses. "That's part of why I'm going with the lower end of the guidelines," the judge explained, "because I do want him to get out to start repaying these individuals because that would help with their peace of mind."

After the court ruled, Smith's counsel again objected to the restitution amount because the victims did not specify their method of valuation. Before imposing the restitution itemized in the victim loss statements, counsel argued, the court should conduct a "formal hearing" in which the victims can testify and be subject to cross-examination. The sentencing court rejected Smith's argument, stating: "We had that hearing today. . . . I accept this list. This is the amount. This is the evidence that I'm basing it on . . . ."

## II.

On appeal, Smith argues the sentencing court erred by ordering restitution based on the victim loss statements. These statements, Smith contends, should have been disregarded as hearsay proffers of out-of-court declarants who could not be cross-examined.[2] We disagree.

A sentencing hearing before a judge is not a criminal trial. When exercising the wide discretion inherent in sentencing, a judge should "not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable

---

[2] Smith does not contest the settled principle that a victim of theft may offer his own opinion on the value of the stolen property, see Crowder v. Commonwealth, 41 Va. App. 658, 664 n.3, 588 S.E.2d 384, 387 n.3 (2003), or that the sentencing court should employ a preponderance-of-the-evidence standard when determining the amount of restitution, see Bazemore v. Commonwealth, 25 Va. App. 466, 468, 489 S.E.2d 254, 255 (1997).

to the trial." Williams v. New York, 337 U.S. 241, 247 (1949). For this reason, the rule against

hearsay does not apply to sentencing hearings. See Wolfe v. Commonwealth, 37 Va. App. 136,

142, 554 S.E.2d 695, 698 (2001); Alger v. Commonwealth, 19 Va. App. 252, 258, 450 S.E.2d 765,

768 (1994); see also 6 Wayne R. LaFave, Criminal Procedure § 26.5(a), at 802 (3d ed. 2007)

(observing that "the sentencing court can consider other types of hearsay, whether contained in the

presentence report or offered by the prosecution or defense"). A sentencing court, therefore, may

consider hearsay "to establish an appropriate amount of restitution." McCullough v.

Commonwealth, 38 Va. App. 811, 816, 568 S.E.2d 449, 451 (2002).

Given the narrow focus of a sentencing hearing, the defendant's inability to cross-examine a

hearsay declarant does not undermine the fundamental fairness of the proceeding:

> [O]nce the guilt of the accused has been properly established, the
> sentencing judge, in determining the kind and extent of punishment to be
> imposed, *is not restricted to evidence derived from the examination and
> cross-examination of witnesses in open court* but may, consistently with
> the Due Process Clause of the Fourteenth Amendment, consider
> *responsible unsworn or "out-of-court" information relative to the
> circumstances of the crime . . . .*

Williams v. Oklahoma, 358 U.S. 576, 584 (1959) (emphasis added) (quoted in Harris v.

Commonwealth, 26 Va. App. 794, 807, 497 S.E.2d 165, 171 (1998)). This principle has deep

historical roots:

> Tribunals passing on the guilt of a defendant always have been hedged in
> by strict evidentiary procedural limitations. But both before and since
> the American colonies became a nation, courts in this country and in
> England practiced a policy under which a sentencing judge could
> exercise a wide discretion in the sources and types of evidence used to
> assist him in determining the kind and extent of punishment to be
> imposed within limits fixed by law.

McClain v. Commonwealth, 189 Va. 847, 859-60, 55 S.E.2d 49, 55 (1949) (quoting Williams, 337

U.S. at 246). "This broad rule of inclusion is tempered by the requirement that the information bear

some indicia of reliability." Moses v. Commonwealth, 27 Va. App. 293, 302, 498 S.E.2d 451, 456

(1998) (citing Alger, 19 Va. App. at 258, 450 S.E.2d at 768).

The question we must answer, then, is whether the victim loss statements could be

considered "responsible unsworn or 'out-of-court' information relative to the circumstances of the

crime," Williams, 358 U.S. at 584, bearing sufficient "indicia of reliability," Alger, 19 Va. App. at

258, 450 S.E.2d at 768 (citation omitted), to be considered by the sentencing court.

We think the answer can be found in Harris, 26 Va. App. at 794, 497 S.E.2d at 165.  In that

case, a prosecutor proffered to a sentencing court evidence presented by several witnesses against

the defendant in another case involving an unrelated, pending charge.  The defendant objected to the

proffer because it was not "admissible testimony" at the sentencing hearing and because permitting

the proffer effectively deprived him of any "opportunity to confront and cross-examine those

witnesses during the sentencing hearing." Id. at 809, 497 S.E.2d at 172.  We disagreed and held:

> Consistent with due process, a sentencing court "is not restricted to
> evidence derived from the examination and cross-examination of
> witnesses in open court" and is permitted to consider "*responsible
> unsworn* or 'out-of-court' *information* relative to the circumstances of
> the crime and to the convicted person's life and characteristics."
> Williams v. Oklahoma, 358 U.S. at 584, 79 S. Ct. at 426 (emphasis
> added) . . . .
>
> \*     \*     \*     \*     \*     \*     \*
>
> Although appellant argued that the witnesses at this trial were not
> credible, he did not disagree with the Commonwealth's attorney's
> representations regarding the substance of their testimony and the other
> evidence at the trial.  As such, we cannot say the trial court violated the
> Due Process Clause when it chose to rely upon the Commonwealth's
> attorney's "responsible unsworn" proffer regarding this evidence.  See
> id. at 583-84, 79 S. Ct. at 426 (holding that the prosecuting attorney's
> statement of the details of the crime and of the defendant's criminal
> record at a sentencing hearing following a guilty plea did not "deprive
> [the defendant] of fundamental fairness *or of any right of confrontation
> or cross-examination*" (emphasis added)).

Id. at 809-10, 497 S.E.2d at 172-73 (emphasis in original).

For the same reasons, we hold the sentencing court did not err by relying on the victim loss statements and fashioning a restitution award based upon them. The Assistant Commonwealth Attorney advised the court that "the victims in each individual case were asked the amount, the value of the items at the time that they were stolen." The victim loss statements reported their answers. Smith did not challenge the factual accuracy of the proffer. Nor did he present any evidence contradicting the valuations or, for that matter, make any effort to compel the victims to take the stand and submit to cross-examination as adverse witnesses. Smith had an adequate opportunity to do so, having received the statements well in advance of the hearing.

In short, a sentencing court, "in determining the appropriate amount of restitution, may consider hearsay evidence that bears 'minimal indicia of reliability' so long as the defendant is given an opportunity to refute that evidence." United States v. Bourne, 130 F.3d 1444, 1447 (11th Cir. 1997) (citation omitted).[3] Smith had that opportunity and did not take advantage of it.

III.

Because the sentencing court did not err by relying on the victim loss statements to determine a reasonable amount of restitution, we affirm.

Affirmed.

---

[3] See also United States v. Reese, 998 F.2d 1275, 1282 (5th Cir. 1993) (holding that a sentencing court may determine restitution based upon "hearsay evidence that bears minimal indicia of reliability so long as the defendant is given an opportunity to refute that evidence" (citing United States v. Rochester, 898 F.2d 971, 982 (5th Cir. 1990), and United States v. Rodriguez, 765 F.2d 1546, 1555 (11th Cir. 1985))); United States v. Hairston, 888 F.2d 1349, 1353 (11th Cir. 1989) ("Hearsay evidence may be considered" in determining restitution, "so long as the defendant is given an opportunity to refute the evidence," and it "bears 'minimal indicia of reliability.'"); United States v. Florence, 741 F.2d 1066, 1069 (8th Cir. 1984) (allowing restitution to be based on "hearsay evidence that the defendant has had an opportunity to explain or rebut"); United States v. Ciambrone, 602 F. Supp. 563, 566 (S.D.N.Y. 1984) (noting that disclosure prior to sentencing gives the defendant "the opportunity to refute or supplement the information on which the court will rely in making a restitution determination").