UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia

KATHLEEN SUSANN GANIERE

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2371-11-1                BY JUDGE D. ARTHUR KELSEY
                                                    NOVEMBER 6, 2012
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              Patricia L. West, Judge

                  Kevin E. Martingayle (Moody E. Stallings, Jr.; Shannon L.
                  Hadeed; Stallings & Bischoff, P.C., on brief), for appellant.

                  Donald E. Jeffrey, III, Senior Assistant Attorney General
                  (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
                  appellee.


        In the trial court, Kathleen Susann Ganiere pled guilty to voluntary manslaughter.  On

appeal, she contends the court abused its discretion by denying her motion to continue the

sentencing hearing.  We disagree and affirm.


                                              I.

        In her plea colloquy, Ganiere acknowledged that she was "in fact" guilty of voluntary

manslaughter.  App. at 21.  Her written plea agreement constituted "the total agreement between

the parties," and no other "promises" of any kind were made by the Commonwealth.  Id. at 4.

The plea agreement also stated there was "absolutely no agreement on sentence between the

parties."  Id.  A written factual stipulation accompanying the plea stated that the victim, a

ten-month-old infant, had sustained various injuries, including a "cauliflower ear, a bruised

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

groin, bruised testicles and a subdural hematoma." Id. at 3. The infant died from "brain swelling as the result of shaking," which caused his "brain to fill with blood." Id.

At the start of the sentencing hearing, Ganiere's counsel stated he was surprised to learn that the Commonwealth intended to present expert testimony from the infant's treating physician. Counsel objected to this testimony and requested a continuance. In response, the prosecutor argued the Commonwealth had a right to present evidence relevant to sentencing and proffered that the physician's testimony would be fully consistent with the factual stipulation. To avoid further delay, however, the prosecutor said he would "forego" any expert opinion testimony from the physician and would present only her factual testimony regarding the infant's injuries. App. at 43-52. "If they're just going to have the doctor repeat what the injuries were," Ganiere's counsel conceded, "I guess I don't have an objection." Id. at 45; see also id. at 48-49.

The treating physician testified to the various injuries sustained by the infant, including a bruised groin with a "pattern that we see with hand marks." Id. at 56. Ganiere's counsel objected, claiming the physician's statement was an "expert opinion." Id. The trial court asked the physician, "without using the term hand mark, can you just describe what the pattern was?" Id. at 56. The physician then described the general appearance of the groin bruise.

When Ganiere's counsel continued to object, the trial judge stated: "I'm not making a finding that it was, in fact, a hand print. It was just in the shape of a hand print . . . ." Id. at 58. Overruling the objection, the judge repeated: "I'm not making any finding or assuming that it was a hand print that made it. She said it's in the shape of a hand print." Id. at 59.

After additional evidence was presented, the trial court sentenced Ganiere to ten years of active incarceration. In its lengthy ruling from the bench, the court never mentioned the disputed testimony from the infant's treating physician.

II.

Whether to grant or deny a continuance rests within the "sound discretion" of the trial court. Ortiz v. Commonwealth, 276 Va. 705, 722, 667 S.E.2d 751, 762 (2008) (quoting Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007)). "An appellate court can reverse only if the trial court committed an 'abuse of discretion' *and* thereby caused 'resulting prejudice.'" Cooper v. Commonwealth, 54 Va. App. 558, 565, 680 S.E.2d 361, 364 (2009) (emphasis in original and citation omitted). "This 'two-pronged' test has long been the standard under Virginia practice." Id. at 565, 680 S.E.2d at 364-65 (citation omitted).

"Satisfying both prongs of the test is 'essential to reversal.'" Id. at 565, 680 S.E.2d at 365 (quoting Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002)). "The absence of one renders inconsequential the presence of the other." Bolden v. Commonwealth, 49 Va. App. 285, 290, 640 S.E.2d 526, 529 (2007). "We cannot reverse if a defendant 'has shown no prejudice resulting from what he claims was an abuse of discretion' in granting or denying a continuance motion." Id. (quoting Quintana v. Commonwealth, 224 Va. 127, 135, 295 S.E.2d 643, 646 (1982)). "Prejudice, moreover, 'may not be presumed; it must appear from the record.'" Id. (citation omitted).

On appeal, Ganiere contends the trial court should have continued the sentencing hearing so that she could present expert testimony to "contradict the Commonwealth's expert *opinion* testimony *considered* by the Trial Court." Appellant's Br. at 2, 6, 9 (emphasis added). Three assumptions underlie this argument:

- the physician offered an expert opinion that "the bruises on the groin were caused by a hand," id. at 8,

- the trial court erroneously overruled Ganiere's objection to this expert opinion, id. at 2, 6, 9, and

- the trial court "considered" this expert opinion testimony when deciding upon an appropriate sentence, id.

Each assumption is essential to Ganiere's argument on appeal.

We question the first[1] and second[2] assumptions but need not rest our decision on them because the third is wholly insupportable. Nothing in the record suggests the trial court considered — much less adopted — any expert opinion that a hand (whether Ganiere's or someone else's) caused the groin bruise. To the contrary, on this very point the trial judge stated, "I'm *not* making a finding that it was, in fact, a hand print." App. at 58 (emphasis added). At most, the judge held, the physician's testimony was simply that the bruise "was just in the shape of a hand print . . . ." Id. Nothing in the court's lengthy discussion of the reasons for the sentence suggested otherwise. See, e.g., Taylor v. Commonwealth, 52 Va. App. 388, 391, 663 S.E.2d 536, 538 (2008) (holding alleged evidentiary error was immaterial because "the trial court did not rely" on the evidence); Collado v. Commonwealth, 33 Va. App. 356, 367, 533 S.E.2d 625, 630-31 (2000) (holding trial court "did not consider" the disputed evidence).

Ganiere does not deny what the trial judge said but implies the judge did not truly mean what she said. The ten-year sentence, Ganiere contends, necessarily shows the judge — despite

---

[1] Cf. State v. Hooks, 421 So. 2d 880, 887 (La. 1982) (holding an officer's testimony that "bruises on the child's face appeared to have been caused by a hand" was a permissible "natural inference from personal observations" not requiring the officer to be deemed an expert witness); Robinson v. State, 309 S.E.2d 845, 846-47 (Ga. Ct. App. 1983) (holding admissible a grandmother's testimony that the victim's bruises appeared to have the "size and configuration" of a shoe print).

[2] Neither the plea agreement nor the factual stipulation imposed an express limitation on the wide range of relevant evidence that could be presented at the sentencing hearing. Because a "sentencing hearing before a judge is not a criminal trial," Smith v. Commonwealth, 52 Va. App. 26, 30, 660 S.E.2d 691, 693 (2008), established law permits a sentencing judge to "exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law," id. at 31, 660 S.E.2d at 693 (quoting McClain v. Commonwealth, 189 Va. 847, 859-60, 55 S.E.2d 49, 55 (1949)).

her statements to the contrary — concluded Ganiere struck the infant on the groin and left a bruise in the shape of a hand. We cannot indulge in such a censorious speculation. "Today, as a century ago, 'nothing is better settled than that everything is to be presumed in favor of the correctness of the rulings of a court of competent jurisdiction, when brought under review in an appellate tribunal, until the contrary is shown.'" Caprino v. Commonwealth, 53 Va. App. 181, 184-85, 670 S.E.2d 36, 38 (2008) (quoting Early v. Commonwealth, 86 Va. 921, 925, 11 S.E. 795, 797 (1890)). The trial judge stated she made no finding that the bruise was "in fact" a hand print or that a hand "made" the bruise. App. at 58-59. We take her at her word.

## III.

In short, Ganiere has not shown an "abuse of discretion" or "resulting prejudice." Cooper, 54 Va. App. at 565, 680 S.E.2d at 364. The trial court did not abuse its discretion or prejudice Ganiere's rights by refusing to continue a sentencing hearing so that Ganiere could rebut a putative expert opinion the court expressly refused to consider.

For these reasons, we affirm Ganiere's conviction and sentence.

Affirmed.