COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:  Judges Frank, Huff and Chafin
Argued at Chesapeake, Virginia


EDWARD HINES SIGLER

                                                              OPINION BY
v.      Record No. 0822-12-1                       JUDGE ROBERT P. FRANK
                                                              APRIL 2, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge Designate

    Shawn W. Overbey (Heath, Overbey & Verser, PLC, on brief), for
    appellant.

    Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
    Cuccinelli, II, Attorney General, on brief), for appellee.


    Edward Hines Sigler, appellant, pled guilty to one count of burglary, in violation of

Code § 18.2-91, and five counts of grand larceny, in violation of Code § 18.2-95.  On appeal,

appellant only challenges the amount of restitution ordered on Indictment No. 01431-11, grand

larceny.  For the reasons stated, we affirm.[1]

BACKGROUND

    "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

    [1] In his brief, appellant also assigns error to the restitution awarded in Indictment No.
01418-11 and the court's active sentence of eight years and three months.  While these issues
were presented in appellant's petition for appeal, this Court denied those assignments of error by
*per curiam* order dated November 8, 2012.  "Only those arguments presented in the petition for
appeal and granted by this Court will be considered on appeal."  McLean v. Commonwealth, 30
Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (*en banc*).  Therefore, we do not consider those
issues here.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

As part of the stipulated evidence at trial, the Commonwealth proffered that the following items were stolen from L.F.'s (the victim) home: "silver necklaces, 61; three gold bangles; bracelets, three of them; 19 times 7 earrings, pairs of earrings, and a gold ring with diamonds." At the sentencing hearing, the Commonwealth proffered the value of the items stolen from L.F.'s house in order to determine the amount of restitution. The following exchange occurred:

| | |
|---|---|
| THE COURT: | What items have you been advised by the insurance company that you are missing? |
| THE WITNESS: | Oh my gosh, Judge, I couldn't begin to tell you. |
| THE COURT: | Does the Commonwealth have a list? |
| [COMMONWEALTH]: | Your Honor, I have a list of the items that were recovered. [L.F.] was able to make an assessment of what was not recovered and it was about two thousand dollars worth of items that weren't recovered after he had gone to the pawnshop.[2] |
| THE COURT: | Do you have a list of those items? |
| [COMMONWEALTH]: | I can see whether or not I have a list. I have photographs of just about everything. And the officer has a comprehensive list. |
| THE COURT: | Do you have a copy of whatever you submitted to the insurance company? |
| THE WITNESS: | Yes, I do. I turned it into the police officer right away as well as my insurance company. I think the detective may have a list as well. That's how they knew some of the things they had retrieved were mine because I had identified them.[3] |

[2] Appellant did not object to this proffer.

[3] The list mentioned was not introduced into evidence and therefore is not part of this record.

Appellant did not cross-examine L.F. on her testimony concerning the value of the stolen property.

The trial court sentenced appellant and ordered restitution in the amount of $2,000.

This appeal follows.

ANALYSIS

Appellant contends the evidence of L.F.'s loss is speculative, therefore failing to meet the burden of proving the amount of loss by a preponderance of the evidence.[4]

"When considering a challenge to the sufficiency of the evidence to sustain a conviction, [an appellate court] reviews 'the evidence in the light most favorable to the prevailing party at trial and consider[s] all inferences fairly deducible from that evidence.'" Clark v. Commonwealth, 279 Va. 636, 640, 691 S.E.2d 786, 788 (2010) (quoting Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008)). We "will not set aside the factual findings of the trial court unless those findings are 'plainly wrong or without supporting evidence.'" Williams v. Commonwealth, 52 Va. App. 194, 197, 662 S.E.2d 627, 628-29 (2008) (quoting Foster v. Commonwealth, 38 Va. App. 549, 554, 567 S.E.2d 547, 549 (2002)). Further, the fact finder, "who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be

---

[4] To the extent appellant argues his due process rights were violated by the trial court not adhering to this standard, this argument is waived because that argument was not raised at trial. Rule 5A:18 is clear that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Indeed, "[i]n order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). If a party fails to timely and specifically object, he waives his argument on appeal. Arrington v. Commonwealth, 53 Va. App. 635, 674 S.E.2d 554 (2009). Therefore, we will not consider appellant's due process argument for the first time on appeal.

drawn from proven facts." <u>Commonwealth v. Taylor</u>, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).

"At the time of sentencing, the court shall determine the amount to be repaid by the defendant and the terms and conditions thereof." Code § 19.2-305.1(D)[5]; <u>see also</u> <u>Alger v. Commonwealth</u>, 19 Va. App. 252, 257, 450 S.E.2d 765, 768 (1994).

> A trial court has "wide latitude" to make sentencing decisions such as the ordering of restitution, <u>Deal v. Commonwealth</u>, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992), because "[t]he determination of sentencing lies within the sound discretion of the trial court," <u>Martin v. Commonwealth</u>, 274 Va. 733, 735, 652 S.E.2d 109, 111 (2007). "A sentencing decision will not be reversed unless the trial court abused its discretion." <u>Id.</u> "On appeal, where the restitutionary amount is supported by a preponderance of the evidence and is 'reasonable in relation to the nature of the offense,' the determination of the trial court will not be reversed." <u>McCullough v. Commonwealth</u>, 38 Va. App. 811, 817, 568 S.E.2d 449, 451-52 (2002) (quoting <u>Deal</u>, 15 Va. App. at 160-61, 421 S.E.2d at 899); <u>see</u> <u>Smith v. Commonwealth</u>, 52 Va. App. 26, 30 n.2, 660 S.E.2d 691, 693 n.2 (2008) (noting the well-established preponderance of the evidence standard that is to be used when determining the amount of restitution). Furthermore,

---

[5] Code § 19.2-305(B) states in part:

> A defendant placed on probation following conviction may be required to make at least partial restitution or reparation to the aggrieved party or parties for damages or loss caused by the offense for which conviction was had.

Code § 19.2-305.1 states in part:

> B. Notwithstanding any other provision of law, any person who, on or after July 1, 1995, commits, and is convicted of, a crime in violation of any provision in Title 18.2 shall make at least partial restitution for any property damage or loss caused by the crime.
>
>       *     *     *     *     *     *     *
>
> D. At the time of sentencing, the court shall determine the amount to be repaid by the defendant and the terms and conditions thereof.

> "'[o]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743 (2005)).

Burriesci v. Commonwealth, 59 Va. App. 50, 55-56, 717 S.E.2d 140, 143 (2011).

In Smith, 52 Va. App. 26, 660 S.E.2d 691, we upheld the "settled principle that a victim of theft may offer his own opinion on the value of the stolen property." Id. at 30, 660 S.E.2d at 693. In that case, we concluded that the trial court was not wrong to rely on victim loss statements, or to use them in fashioning the restitution award. Id. at 33, 660 S.E.2d at 694. Essentially, the Smith Court restated the principle that at sentencing, the court, "'in determining the appropriate amount of restitution, may consider hearsay evidence that bears "minimal indicia of reliability" so long as the defendant is given an opportunity to refute that evidence.'" Id. (quoting United States v. Bourne, 130 F.3d 1444, 1447 (11th Cir. 1997)) (other citation omitted). We should note that appellant offered no such evidence.

While L.F.'s list of stolen items was not offered into evidence, that fact would be considered by the fact finder as to the weight of the evidence. L.F. prepared the list and certainly knew of its accuracy. A sentencing court may appropriately consider hearsay "to establish an appropriate amount of restitution." McCullough, 38 Va. App. at 816, 568 S.E.2d at 451. See also 6 Wayne R. LaFave, Criminal Procedure § 26.5(a), at 802 (3d ed. 2007) (observing that "the sentencing court can consider other types of hearsay, whether contained in the presentence report or offered by the prosecution or defense"). "This broad rule of inclusion is tempered by the requirement that the information bear some indicia of reliability." Moses v. Commonwealth, 27 Va. App. 293, 302, 498 S.E.2d 451, 456 (1998) (citing Alger, 19 Va. App. at 258, 450 S.E.2d at 768).

L.F.'s list, an unsworn "out of court" statement, was the type of statement allowed as evidence of the victim's loss.

> "Tribunals passing on the guilt of a defendant always have been hedged in by strict evidentiary procedural limitations. But both before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law."

McClain v. Commonwealth, 189 Va. 847, 859-60, 55 S.E.2d 49, 55 (1949) (quoting Williams v. New York, 337 U.S. 241, 246 (1949)).

L.F.'s list clearly bears "some indicia of reliability." She assessed the value of the stolen items not recovered, and she gave that information to her insurance carrier and the police. The prosecutor proffered without objection that the police officer "has a comprehensive list" and that this assessment of the items was "about two thousand dollars . . . ." L.F. submitted the list to the police as part of their investigation of the crime, and to L.F.'s insurance carrier as part of her claim. It is reasonable to believe that L.F. provided her insurance company with an accurate claim of loss. See Allstate Insurance Co. v. Charity, 255 Va. 55, 59, 496 S.E.2d 430, 431-32 (1998) ("[T]he purpose of a proof of loss is to enable the insurer to investigate the insured's losses, to estimate its rights and liabilities, and to prevent assertion of fraudulent or unjust claims."). Further, the trial court could reasonably infer that L.F. would not exaggerate her claim of loss and risk the chance of her insurance carrier denying her claim altogether. See C. C. Vaughan & Co. v. Va. Fire & Marine Ins. Co., 102 Va. 541, 545, 46 S.E. 692, 694 (1904) ("[N]othing is better settled than that the assured must observe, in dealing with the insurer, the utmost good faith, without which there can be no recovery.").

As in Smith, appellant did not cross-examine L.F. on the values contained in the list but had the opportunity to do so. At oral argument, appellant contended he never had an opportunity

to cross-examine L.F. as to the value of the stolen property because the list prepared for the police and the insurance carrier was not before the court. This contention is unpersuasive and is belied by the record. L.F. was on the stand. She acknowledged she had prepared such a list and provided the list to the police and the insurance carrier. The Commonwealth proffered that the list indicated "about two thousand dollars . . . ." Appellant certainly could have inquired of L.F. the specific items stolen or how she determined value. If appellant thought he needed to review the actual list, he could have asked for its production or asked for a continuance for such a review. He did nothing. Thus, it is apparent from the record that appellant had an opportunity to cross-examine L.F. as to the values of the items stolen, but chose not to do so.

We find the restitution evidence to be supported by a preponderance of the evidence. Therefore, the trial court did not abuse its discretion in awarding the contested restitution to L.F.

<u>Affirmed.</u>