UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Annunziata, Frank and Petty

ROBERT J. COOK

v.      Record No. 1087-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JUNE 14, 2022

FROM THE CIRCUIT COURT OF HANOVER COUNTY
Patricia Kelly, Judge

(Stephanie S. Henkle; Henkle Law Firm, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.

Appellant's counsel has moved for leave to withdraw. The motion to withdraw is

accompanied by a brief referring to the part of the record that might arguably support this appeal.

A copy of that brief has been furnished to appellant with sufficient time for him to raise any

matter that he chooses. Appellant has not filed any *pro se* supplemental pleadings.

We have reviewed the parties' pleadings, fully examined the proceedings, and determined

the case to be wholly without merit as set forth below. Thus, the panel unanimously holds that oral

argument is unnecessary. *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

Under settled principles, we state the facts in the light most favorable to the Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472-73 (2018). Under the terms of a written plea agreement, appellant pled guilty to two counts of aggravated sexual battery of a victim less than thirteen years of age, in violation of Code § 18.2-67.3(A)(1), and one count of bribery of a witness, in violation of Code § 18.2-441.1. The plea agreement provided that appellant's total active sentence would not exceed five years and seven months of incarceration. After convicting appellant, the court deferred sentencing and ordered appellant to undergo a psychosexual evaluation.

The psychosexual evaluation included the Static-99R test, which has "moderate predictive accuracy" of a subject's "relative risk for sexual recidivism." Appellant's raw score placed him in a "Very Low" category for recidivism within five years. Compared with a person with the median score, he was "approximately one fourth times as likely to incur a new sexual offense charge or conviction within five years." The report noted that the test "does not measure all relevant risk factors and is only one piece" of the information considered by the evaluator; consequently, appellant's "recidivism risk may be higher or lower than that indicated by the Static-99R based on factors not included in this risk tool." The evaluator opined that appellant's voluntary admissions that there were "four or five" other victims provided "proof" that appellant was truthful when he claimed to be "ashamed of what he did and that he was open to participating in therapy." Appellant met the diagnostic criteria for "Pedophilic Disorder," a

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

"substantial risk factor," and had abused both related and unrelated victims, also a risk factor. The report concluded that although appellant had "substantial risk factors," they could be adequately countered through "a lengthy period of probation supervision" and "sex offender treatment" following his release from prison along with drug testing.

At the sentencing hearing, appellant moved to strike from the psychosexual evaluation report the statement that his recidivism risk "may be higher or lower than that indicated by the Static-99R based on factors not included in this risk tool." He argued that the Commonwealth had the burden to show the reliability of the Static-99R test. The court offered to continue sentencing to allow the evaluator to testify about the test's scientific reliability. Appellant stated that he did not object to the use of the Static-99R test but wanted the court to strike from the report the "commentary . . . about the testing."

The court denied the motion to strike the sentence about the Static-99R test but ruled that it would give "appropriate weight" to the statement that appellant's risk "could be higher" and "could be lower." Before pronouncing sentence, the court emphasized that the harm appellant had done could not be "fixed." The court acknowledged that appellant had admitted that what he did to the victims "was wrong" and that he was seventy-five years old but found that appellant needed "accountability" and "punishment." In accordance with appellant's plea agreement, the court sentenced him to forty-five years' incarceration, with all but five years and seven months suspended.[2] The court did not order GPS monitoring upon appellant's release, finding it not "necessary," but informed appellant that probation still could require it. The court did not otherwise comment on whether appellant posed a risk of re-offending.

---

[2] The discretionary guidelines recommended incarceration for two years and three months to seven years and six months, with a midpoint of five years and seven months.

STANDARD OF REVIEW

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Warnick v. Commonwealth*, 72 Va. App. 251, 263 (2020) (quoting *Amonett v. Commonwealth*, 70 Va. App. 1, 9 (2019)). A reviewing court can conclude that "an abuse of discretion has occurred" only in cases in which "reasonable jurists could not differ" about the correct result, *Commonwealth v. Swann*, 290 Va. 194, 197 (2015) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)), and we will not reverse a trial judge's ruling simply because we disagree, *Hicks v. Commonwealth*, 71 Va. App. 255, 275 (2019).

ANALYSIS

Appellant argues that the trial court erred by denying his motion to strike the sentence about appellant's risk of recidivism relative to the Static-99R test. He contends the error affected "substantial rights" and led the court to impose a sentence that was "excessive in light of the presented mitigation," and thus his "conviction cannot stand."

The admissibility of evidence at sentencing lies "within the sound discretion of the trial court." *Runyon v. Commonwealth*, 29 Va. App. 573, 576 (1999). Because a sentencing hearing "is not a criminal trial," the court has "wide discretion" to consider information that might be inadmissible at trial, provided that the information "bear[s] some indicia of reliability." *Smith v. Commonwealth*, 52 Va. App. 26, 30, 32 (2008) (quoting *Moses v. Commonwealth*, 27 Va. App. 293, 302 (1998)). The court is not constrained by trial rules of evidence and may consider "*responsible unsworn* or 'out-of-court' *information* relative to the circumstances of the crime and to the convicted person's life and characteristics." *Harris v. Commonwealth*, 26 Va. App. 794, 809 (1998) (quoting *Williams v. Oklahoma*, 358 U.S. 576, 584 (1959)). Additionally, at sentencing, just as during trial, there is no "right to have the evidence 'sanitized' so as to deny the [factfinder]

- 4 -

knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts." *Baldwin v. Commonwealth*, 69 Va. App. 75, 84 (2018) (alteration in original) (quoting *Currier v. Commonwealth*, 65 Va. App. 605, 615 (2015)).

Here, the record demonstrates that the trial court properly exercised its discretion. The psychosexual evaluation report was prepared to "guide the judge in determining" appellant's punishment. Code § 19.2-300. The statement to which appellant objected provided necessary information about the limitations of the Static-99R test and thus helped the court as it evaluated what sentence would be appropriate in appellant's case. *See Baldwin*, 69 Va. App. at 89 (finding no abuse of discretion because the contested information "provided vital information for the trial court's determination of a proper sentence"). The report explained that the Static-99R test "does not measure all relevant risk factors" and that the evaluator considered it along with other information. The statement to which appellant objected explained that his score on the Static-99R test did not necessarily identify his actual recidivism risk. As the court recognized, appellant's risk "could be higher," "could be lower," or could be exactly as identified by the test. That statement, as part of a court-ordered evaluation report, bore "indicia of reliability" and pertained to appellant's "life and characteristics." *Smith*, 52 Va. App. at 32; *Harris*, 26 Va. App. at 809 (quoting *Williams*, 358 U.S. at 584). Thus, the court did not abuse its discretion by refusing to strike the statement from the report.

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). This Court's records shall reflect that Robert J. Cook is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.