COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, White and Retired Judge Frank*


DANIEL ANDERSON DAVIS

              MEMORANDUM OPINION**
v.   Record No. 1952-22-3        PER CURIAM
              OCTOBER 17, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
G. Carter Greer, Judge

(Heath L. Sabin; Sabin Law Office, PC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; David A. Stock, Assistant
Attorney General, on brief), for appellee.


Upon guilty pleas, the trial court convicted Daniel Anderson Davis for six counts of

distributing methamphetamine, three counts of failing to appear in court, and one count of

obstructing justice. The trial court sentenced Davis to a total of 185 years and 36 months of

incarceration with 173 years and 36 months suspended. Davis contends that the trial court erred in

refusing to exclude text messages at the sentencing hearing because the Commonwealth did not

authenticate them and lay a proper foundation for their admission. He also argues that the trial court

abused its discretion in imposing an active sentence of 12 years. After examining the briefs and the

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the judgment.

---

 * Retired Judge Frank took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

 ** This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

On six occasions in 2021, Davis sold quantities of methamphetamine to a confidential informant working for the Henry County police. The amount of methamphetamine Davis sold the informant ranged from more than 28 grams to more than 84 grams. In the six transactions, the informant paid Davis more than $5,000.

After entering his guilty pleas but before sentencing, Davis filed a motion *in limine* to exclude a series of text messages from evidence at the sentencing hearing. At the sentencing hearing, the Commonwealth asked the trial court to consider limited text messages showing that Davis had engaged in efforts to intimidate the confidential informant in the case, that Davis's illegal drug business had been lucrative, and that he was unremorseful for his crimes. Davis contended that the Commonwealth had failed to "lay the necessary foundation" for admission of the messages. The trial court noted that the rules of evidence were permissive, rather than mandatory, at a sentencing hearing, and denied the motion *in limine*.

Investigator Darrell Foley testified at sentencing that while Davis was out on bond for the methamphetamine distribution charges, Davis was charged with drug trafficking in Rockingham County, North Carolina. While he was in jail in North Carolina, the car of the confidential informant who had purchased methamphetamine from Davis in Henry County was vandalized. Based upon this incident, Davis was charged with obstructing justice. In addition, Christina Robinson, who was in a relationship with Davis, filed a criminal complaint resulting in the informant's arrest. The charge against the informant later was dismissed when Robinson failed to appear in court.

Investigator Foley identified the people with whom Davis exchanged text messages while in jail as Davis's friends or associates. Investigator Foley read for the trial court text messages involving those friends or associates. One message stated that the writer was not ready to ask God

for "forgiveness yet" because he was not "done sinning." In other messages, the writer commented that his drug business was lucrative. By text, Davis instructed others to look up the confidential informant on Facebook and to send him pictures of her house and the cars parked near it. Investigator Foley indicated that Henry County Jail inmates were permitted to use an iPad to send text messages using an individual password assigned by the facility.

Davis testified that he was diagnosed and treated for mental illness while in a facility before he was 18 years old. He later developed issues with substance abuse after reuniting with his biological mother in Martinsville. Davis said that he lost his job after contracting COVID-19 and missing too many days from work. After that, he became depressed and abused drugs. Through questioning from defense counsel, Davis explained the circumstances and context of the text messages that the Commonwealth had introduced. In doing so, Davis admitted that he was the person who sent or received the messages, except for one message for which he claimed to have allowed another inmate to use Davis's password to text Davis's own girlfriend. The author of that message said he was facing a 30-year sentence and had made at least $200,000 in a few months selling "cream," or methamphetamine.

The trial court found, as the Commonwealth conceded, that Davis was not subject to the mandatory minimum punishment for his six convictions of distributing methamphetamine under Code § 18.2-248(C)(4) because he satisfied the conditions of Code § 18.2-248(C)(4)(e) by providing useful information to the Commonwealth. The trial court acknowledged Davis's difficult childhood and upbringing, which involved the foster care system and termination of his biological mother's parental rights. The trial court stated that it disbelieved Davis's claim about the text message sent to his girlfriend by another inmate, as the message contained specific information pertaining to the six drug charges Davis faced. The trial court found that the text messages showed that Davis was unremorseful and that he was in the methamphetamine distribution business to make

- 3 -

a lot of money. The trial court sentenced Davis to suspended sentences of 30 years of imprisonment on 5 convictions for distributing methamphetamine, 12 months on 3 counts of failing to appear, and 5 years for obstructing justice. For the sixth conviction for drug distribution, the trial court sentenced Davis to 30 years of imprisonment with 18 years suspended. This appeal followed.

ANALYSIS

I.

Davis argues that the trial court erred in denying his motion *in limine* to exclude the text messages at the sentencing hearing. He contends that the Commonwealth failed to authenticate the text messages properly.[1] We disagree.

Under Virginia Rule of Evidence 2:1101(c)(1), "adherence to the Rules of Evidence . . . is permissive, not mandatory" in "[c]riminal proceedings other than (i) trial, (ii) preliminary hearings, and (iii) sentencing proceedings before a jury." As this Court has stated, "[a] sentencing hearing before a judge is not a criminal trial. When exercising the wide discretion inherent in sentencing, a judge should 'not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial.'" *Smith v. Commonwealth*, 52 Va. App. 26, 30 (2008) (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)) (finding that the hearsay rule "does not apply to

---

[1] We do not consider the portion of Davis's argument asserting that a "disconnect" exists between Virginia cases permitting a trial court to consider evidence at sentencing that does not conform to rules of evidence and Virginia statutes governing evidence admissible in a sentencing hearing by a jury. Although Davis arguably raised this issue in his written motion, he obtained no ruling upon it from the trial court at the sentencing hearing. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Under Rule 5A:18, it is an appellant's burden "to obtain a ruling from the [trial] court" on the issue for which he seeks appellate review. *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993). Because Davis failed to obtain a ruling from the trial court upon the issue he now raises, "there is no ruling for us to review on appeal." *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998). For this reason, we do not consider this aspect of Davis's argument on appeal.

sentencing hearings"). However, "[t]his broad rule of inclusion is tempered by the requirement that the information bear some indicia of reliability." *Moses v. Commonwealth*, 27 Va. App. 293, 302 (1998).

Thus, the trial court was not required to apply the rules of evidence in determining whether to consider the text messages at the sentencing hearing. Nonetheless, we conclude that the circumstances and context supplied indicia of reliability for the text messages. The exchanges occurred between an inmate using Davis's assigned password at the Henry County Jail and known friends and associates of Davis. The messages indicated that the writer's drug business had been lucrative, as Davis's distributions of drugs to the informant certainly had been. Moreover, in attempting to explain their meaning, Davis *admitted* writing all of the text messages in question except one. And the trial court did not believe Davis's disclaimer of the message saying that he had sold more than $200,000 worth of methamphetamine because the text included information specific to Davis's situation—that he then faced a mandatory minimum of 30 years for the 6 drug charges. Considering these facts and circumstances, there were sufficient indicia of reliability for the trial court to consider the text messages at sentencing and we do not disturb the trial court's denial of the motion *in limine*.

II.

Davis contends that the trial court abused its discretion in imposing an active sentence of 12 years. He maintains that the trial court improperly considered the text message that he denied writing and concluded that Davis was unremorseful for his involvement in drug trafficking.

"Criminal sentencing decisions . . . are vested in the sound discretion of trial judges, not appellate judges." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "When exercising its discretionary power . . . , the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.*

at 563-64 (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)). "Given this deferential standard of review, we will not interfere with the sentence so long as it was within the range set by the legislature for the particular crime of which the defendant was convicted." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)).

The task of sentencing "rest[s] heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Minh Duy Du*, 292 Va. at 563. In this case, the record demonstrates that the trial court considered the facts of the case, Davis's personal circumstances, and other relevant information when fashioning Davis's sentences. The sentences that the trial court imposed for Davis's convictions were within the ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-248, 18.2-460 and 19.2-128. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, Davis's sentences were within the statutory ranges, so "our task is complete." *Id.*

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed*.